plaintiff for $2,976.53, upon which judgment was entered. The cause was then taken by writ of error to the supreme court, where the judgment of this court was affirmed. 105 U. S. 224.]

STODDERT (THORNTON v.). See Case No. 14,000.

## Case No. 13,472.

STODDERT et al. v. WATERS et al.

[1 Cranch, C. C. 483.] [1]

(Circuit Court, District of Columbia. June Term, 1808.

INJUNCTIONS—MOTION TO DISSOLVE—NOTICE—WHEN TO BE GIVEN.

Notice to dissolve an injunction must be given ten days before the term; if given in term, a term's notice is required.

[This was an action by Stoddert & Mason against Waters & Griffith and others.]

Mr. Jones, for the defendants, having filed answers on the first day of the term, and then entered notice of motion for dissolution on the docket, and ten days having expired since the entry, he now moved the court to dissolve the injunction.

The bar generally stated the construction of the rule to have been that there must be ten days' notice before term, or if the notice be given in term, a term's notice is required.

THE COURT (nem. con.) said it was the construction which had always been given to the rule.

Mr. Jones then moved to have the rule amended.

But THE COURT declined, thinking the construction of the rule reasonable.

STOEVER (PAYSON v.). See Case No. 10,-863.

## Case No. 13,473.

STOKELY et al. v. SMITH.

[2 Ben. 407.] [2]

District Court, S. D. New York. May, 1868.

CHARTER PARTY—DILIGENCE—BLOCKADED PORT—DEVIATION.

1. Where a vessel was chartered in New York for a voyage to Port au Platte, St Domingo, or, in case of that port being blockaded, to another open port in the same island, or a market, and back to New York, the vessel to use all diligence in port and at sea, and the charterer, in answer to a libel to recover the charter money, set up various delays by the vessel, one being a deviation to Turks Island, for the purpose of inquiring whether Port au Platte was blockaded. Held, that the vessel would have been liable to seizure as a prize, if she had gone direct to Port au Platte for the purpose of inquiring whether the blockade of that port was raised.

2. As there was no restriction in the charter as to where the master should make inquiry,

and as Turks Island was shown to be a proper place to make such inquiry, the vessel was not chargeable with any loss occasioned by her going to Turks Island for that purpose, only the necessary time having been consumed.

3. Evidence of instructions from the charterer to the master of the vessel, in reference to going to Turks Island, could not affect the rights of the parties in regard to matters that were covered by the charter.

4. For delay occasioned by a mistake of the master in passing by a port, the owners of the vessel were liable.

This was a libel to recover the sum of $1,-083.85, as a balance, due on a written charter party, made at New York, between the master of the schooner Indus, owned by Benjamin Stokely and others, the libellants, and the respondent, Haskell G. Smith, on the 20th of May, 1858. The charter party chartered the vessel to the respondent, for a voyage "from the port of New York to Port au Platte, St. Domingo, or, in case of that port being blockaded, to another open port on same island, or a market, and back to New York, with a supercargo on board free, not to go to Port au Prince except in case of stress of weather, on the terms following, viz." One of those terms was, "and use all diligence in ports and at sea." The charter money was stipulated to be "six hundred dollars per month, payable in United States currency, upon completion of charter." The libel set forth, that the vessel entered on the fulfilment of the charter on the 20th of May, 1858, and proceeded to Port au Platte, and thence to Porto Rico and back to New York, and was thus employed for two months and ten days, and that the charter money payable was $1,400, of which $1,083.85 remained unpaid, and had been demanded from the respondent, and payment refused.

The defences set up in the answer were, that the vessel did not use all diligence in ports and at sea; that she lost three days, through the wilful misfeasance of the master, in not sailing from New York as soon as she should have sailed by three days; that she lost two days more by stopping at Turks Island, instead of going direct to Port au Platte; that she lost two days more by unnecessarily going beyond the port of San Juan, in Porto Rico, through the incompetency of the master in navigating the vessel, and being obliged to return over her track; that one bale of tobacco in the cargo was negligently damaged by the master and crew, to the amount of five dollars; that, if the vessel had sailed from New York when she ought to have done so, she would have arrived at Port au Platte within ten days, or thereabouts, after the blockade of that port was raised, and five days in advance of any other vessel laden with provisions, and would have sold her cargo at high prices, but that, in consequence of the delays set forth, other vessels laden with provisions arrived before the cargo of the Indus could be sold, and prices declined, and the respondent suffered a loss of $2,000; that the libellants

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]